UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| **Pierre Investments, Inc.** | : | |
| **2020 N. Stemmons Frwy Suite 7250** | : | CASE NO:  2:21-cv-5312 |
| **Dallas, Texas 76207** | : | |
| **Plaintiff,** | : | JUDGE_____ |
| **v.** | : | |
| **Fifth Third Bank, an Ohio banking corporation** | : | |
| **c/o Corporation Service Company** | : | **COMPLAINT** |
| **50 West Broad Street** | : | |
| **Suite 1330** | : | **(Jury Demand Endorsed Hereon)** |
| **Columbus, Ohio 43215** | : | |
| **Defendant** | : | |

For its complaint against defendant Fifth Third Bank (Fifth Third) plaintiff Pierre Investments, Inc. (Pierre) herein states as follows:

1. Pierre is a Texas corporation in good standing.

2. Fifth Third is an Ohio banking corporation with offices throughout Ohio, with its principal place of business in Cincinnati, Ohio.

3. This court has jurisdiction over Fifth Third because; (1) Fifth Third transacted business in the State of Ohio by operating banks in Ohio; and (2) by incorporating in Ohio

4. This Court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C.A. § 1332 because this case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C.A. § 1391 (a) and (c).

## COUNT I

6. Pierre hereby incorporates by reference paragraphs 1 through 5 above.

7. On or about November 13, 2018, Fifth Third accepted for deposit two cashiers checks each for $37,500 for deposit into a checking account or account open in the name of CLS Capital Group Inc. True copies of the Cashiers checks are attached hereto and incorporated herein as Exhibit A.

8. The Cashiers checks arose out of a business obligation and not out of a consumer loan or a consumer transaction.

9. After learning that Fifth Third allowed the cashiers checks to be deposited into an account for a defunct corporation that has been out of business since 2012, Pierre asked Fifth Third for an accommodation to retrieve the $75,000.

10. The $75,000 has not been returned to Pierre or to Pierre's former bank Capital One Bank in Texas or to its counsel.

11. Defendant Fifth Third has converted the $75,000 plus interest to its own use in an Ohio bank in account #XXX14.

## COUNT II

12. Pierre hereby incorporates by reference paragraphs 1 through 11 above.

13. Fifth Third employed employee #E957851 at its Toledo bank in November 2018.

14. Employee #E957851 permitted Reynaldo Uballe, Jr to sign the back of both cashiers checks written to CLS Capital Group Inc.

15. Employee #957851 accepted the cashiers checks and deposited them into account #xxx14.

16. Upon information and belief this checking account was opened in 2016 which is after CLS Capital Group Inc became defunct in 2012 according to the Delaware Secretary of State website.

17. Defendant Fifth Third is responsible under respondent superior for the negligent acts of the employee who failed to follow the KYC/AML steps needed to know your client to prevent money laundering and opened the account for CLS Capital Group Inc even though it was no longer in existence.

18. Defendant Fifth Third is responsible under respondent superior for the negligent act of the employee who deposited the cashiers checks into the bank account at Fifth Third Bank in Toledo, Ohio.

## COUNT III

19. Pierre hereby incorporates by reference paragraphs 1 through 18 above.

20. Defendant Fifth Third violated the rules of the Anti-Money Laundering act when it failed to verify the existence of CLS Capital Group Inc in its home state of Delaware.

21. Defendant Fifth Third is responsible for damages from opening the checking account for a defunct corporation and for allowing Reynaldo Uballe, Jr to sign on a corporate checking account since he has not been a co-director of that corporation since 2012.

22. Defendant Fifth Third is responsible for reasonable attorney fees in Pierre's attempt to recover the $75,000 and other damages resulting from the theft of the funds from Pierre.

## COUNT IV

23. Pierre hereby incorporates by reference paragraphs 1 through 22 above.

24. Defendant Fifth Third violated the rules of the Patriot Act Public Law 107-56 Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (US Patriot Act) Act of 2001. when it allowed Reynaldo Uballe, Jr to open up a checking account and to deposit two cashiers checks totaling $75,000 into the account.

25.  Defendant Fifth Third is responsible for reasonable attorney fees in Pierre's attempt to recover the $75,000 and other damages resulting from the theft of the funds from Pierre.

## COUNT V

26. Pierre hereby incorporates by reference paragraphs 1 through 25 above.

27. Defendant Fifth Third violated the rules of the Bank Secrecy Act of 1970 (BSA) also known as the Currency and Foreign Transactions Reporting Act which required Fifth Third to report transactions that trigger suspicion of tax evasion and other questionable practices  when it allowed Reynaldo Uballe, Jr to open up a checking account and to deposit two cashiers checks totaling $75,000 into the account without proper reporting and due diligence.

28.  Defendant Fifth Third is responsible for reasonable attorney fees in Pierre's attempt to recover the $75,000 and other damages resulting from the theft of the funds from Pierre.

## COUNT VI

29. Pierre hereby incorporates by reference paragraphs 1 through 28 above.

30. Defendant Fifth Third violated the rules of the Office of the Comptroller of the Currency (OCC) when it allowed Reynaldo Uballe, Jr to open up a checking account and to deposit two cashiers checks totaling $75,000 into the account.

31. Defendant Fifth Third is responsible for reasonable attorney fees in Pierre's attempt to recover the $75,000 that was fraudulently labeled a Commitment Fee in a unauthorized contract on 2012 version of a corporate document that once belonged to the defunct corporation and other damages resulting from the theft of the $75,000 in funds from Pierre.

32. Defendant Fifth Third is responsible for mental anguish, loss of business opportunity, and loss of over three million dollars of profits that were expected from a housing construction project which it was led to believe was a viable project based on the misrepresentation made possible by defendant Fifth Third by its negligent acts which made the defunct corporation appear to be a corporation that was actually in business when it had been cancelled due to nonpayment of taxes and officially closed by the Securities and Exchange Commission. If the CLS Capital Group Inc checking account would have been closed in 2012 or never opened after the corporation became inoperative, this fraud on the plaintiff would not have occurred.

33. Defendant Fifth Third failed to do its due diligence and misled Pierre and other non-suspecting victims by assigning a checking account number to CLS Capital Group Inc that Fifth Third was doing business with a legitimate corporation when it opened a checking account for CLS Capital Group Inc or when it continued to allow a checking account to remain open year after year even though they were out of business since 3-1-2012.

WHEREFORE, Pierre prays for judgment in its favor as follows:

A. On Count I, against Defendant Fifth Third in an amount over $75,000, with interest continuing to accrue on the unreturned funds from an after November 3, 2018;

B. On Count II against Defendant Fifth Third in an amount over three million dollars $3,000,000.00

C. On Count III against Defendant Fifth Third in an amount over $75,000;

D. On Count IV against Defendant Fifth Third in an amount over $75,000;

E. On Count V against Defendant Fifth Third in an amount over $75,000;

F. On Count VI against Defendant Fifth Third in an amount over $75,000;

G. Against Defendant Fifth Third for its attorney fees, costs and expenses herein incurred; and

H. For such other and further relief as may be justified and warranted

I. Jury demand endorsed hereon.

LAW OFFICE OF CYNTHIA M. RODGERS, L.L.C

s/Cynthia M. Rodgers

605 Cass St., P.O. Box 1
Dresden, Ohio 43821
(740) 575-6870 Telephone
(740) 754-2484 Facsimile
Email:   cynthia@cynthiarodgerslaw.com
Attorney *for Plaintiff*

Jury Demand Endorsed hereon