UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PIERRE INVESTMENTS, INC.,**

    **Plaintiff,**

  v.                                            Civil Action 2:21-cv-5312
                                                            Judge Edmund A. Sargus
                                                             Magistrate Judge Chelsey M. Vascura

**FIFTH THIRD BANK,** *et al.*,

    **Defendants.**

## ORDER

    Plaintiff, Pierre Investments, Inc., commenced this action on November 13, 2021, for conversion, negligence, and various federal statutory and regulatory violations against Defendant "Fifth Third Bank, an Ohio banking corporation." (Compl., ECF No. 1.) On February 24, 2022, and March 4, 2022, respectively, "Fifth Third Bancorp" filed a Motion to Transfer Venue (ECF No. 4) and a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5.) Plaintiff moved to strike both these motions on March 18, 2022, contending that because "Fifth Third Bancorp" is not a named party, it has no right to file motions in this action. (ECF Nos. 8, 9.) However, Plaintiff also filed (multiple copies of) an Amended Complaint on March 18, 2022, and March 21, 2022, naming a number of additional Defendants, including "Fifth Third Bancorp." (ECF Nos. 7, 11, 13.) As Fifth Third Bancorp is now a party, Plaintiff's Motion to Strike (ECF Nos. 8–9) is **DENIED**.

    Relatedly, Plaintiff has moved for leave to file its Amended Complaint (ECF No. 12). This motion is unnecessary because Federal Rule of Civil Procedure 15(a) permits a party to

amend its complaint once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Because Fifth Third Bancorp filed a Motion to Dismiss under Rule 12(b) on March 4, 2022, Plaintiff was permitted to file its Amended Complaint without leave of Court on March 18, 2022 and March 21, 2022. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 12) is **DENIED AS MOOT**. Moreover, as they are duplicative of the Amended Complaint filed at ECF No. 13 except for typographical errors, the Court **STRIKES** Plaintiff's filings at ECF Nos. 7 and 11. Further, because Plaintiff's Amended Complaint supersedes the original Complaint, Fifth Third Bancorp's Motion to Dismiss the original Complaint (ECF No. 5) is **DENIED AS MOOT**. Plaintiff's Amended Complaint at ECF No. 13 is now the operative Complaint in this action.

Plaintiff has also filed a Motion for Default Judgment against Fifth Third Bank. (ECF No. 10.) The Court cannot enter default judgment because Plaintiff did not first apply for and obtain an entry of default from the Clerk. An entry of default is distinct from entry of a default judgment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); S.D. Ohio Civ. R. 55.1(b). By asking only for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in Rule 55. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." (citation omitted)). The Court therefore cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib., Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may *then* enter a default judgment.'" (emphasis added)) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)). Accordingly, without expressing any opinion as to whether Plaintiff is entitled to an entry of default or subsequent

default judgment, Plaintiff's Motion for Default Judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

Finally, Fifth Third Bancorp moves to transfer this action to the Southern District of Ohio, Western Division at Cincinnati under 28 U.S.C. §§ 1406 or 1404. (ECF No. 4.) Fifth Third Bancorp asserts that, because it is a bank based in Cincinnati, and Plaintiff is a Texas corporation, this action has no connection to the Southern District of Ohio, Eastern Division, where it is currently pending. (*Id.*) Plaintiff has not responded to this Motion other than via its Motion to Strike, which contended only that Fifth Third Bancorp was proper filing party and did not dispute Fifth Third Bancorp's substantive arguments for transfer. (ECF No. 8.) Accordingly, for good cause shown, the Motion to Transfer Venue (ECF No. 4) is **GRANTED,** and it is **ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Southern District of Ohio, Western Division in Cincinnati.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE