# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Pierre Investments, Inc.,** *et al.* | ) Case No. 1:22-cv-155 |
| | ) |
| Plaintiffs, | ) JUDGE TIMOTHY S. BLACK |
| | ) |
| vs. | ) MAGISTRATE JUDGE STEPHANIE K. BOWMAN |
| | ) |
| **Fifth Third Bancorp,** *et al.* | ) **DEFENDANTS' UNOPPOSED MOTION** |
| | ) **FOR EXTENSION OF TIME TO** |
| Defendants. | ) **RESPOND TO PLAINTIFFS' AMENDED** |
| | ) **COMPLAINT** |

Pursuant to S.D. Ohio Civ. R. 6.1(a), Defendant Fifth Third Bancorp moves the Court for an extension of time to respond to Plaintiffs' Amended Complaint up to and including May 25, 2022. (Doc. 13).

This case was recently transferred from the Eastern Division. (Doc. 15). In Plaintiff Pierre Investments, Inc.'s ("Pierre Investments") original Complaint (Doc. 1), the only named Defendant was "Fifth Third Bank, an Ohio banking corporation." But, as set forth in Fifth Third Bancorp's Response in Opposition to Plaintiff's Motion for Default Judgment (Doc. 14), there is no existing entity called "Fifth Third Bank, an Ohio banking corporation." The only existing Ohio "Fifth Third" corporation is Fifth Third Bancorp. Hence, Fifth Third Bancorp responded to the first Complaint. (Doc. 5).

Now, Pierre Investments has added more Plaintiffs and more Defendants. On the latter, Pierre Investments has named three Fifth Third employees, as well as the following in addition to "Fifth Third Bank, an Ohio banking corporation": (1) "Fifth Third Bank, Northwestern Ohio, NA Toledo," (2) Fifth Third Bank, National Association, and (3) Fifth Third Bancorp. (Doc. 13). Like "Fifth Third Bank, an Ohio banking corporation," "Fifth Third Bank, Northwestern Ohio, NA Toledo" is not an active or existing entity.

Fifth Third Bancorp moves the Court for an extension of time to respond to the Amended Complaint in order to request and clarify that none of the Fifth Third parties' responsive pleadings are due prior to May 25, 2022 (the date which Plaintiffs' counsel has represented the newly-added parties' responsive pleadings would be due pursuant to a waiver of service which apparently is en route). Ordinarily, a response to an Amended Complaint to a party who already has appeared and participated would be fourteen days from the date of service – in this case, Monday April 4 for Fifth Third Bancorp. *See* Fed. R. Civ. P. 15(a)(3).

So as to avoid varying responsive pleading dates for each of the Fifth Third parties, and to ensure that Plaintiff does not again move for default judgment against any of the Fifth Third entities (whether active and existing or not), Fifth Third Bancorp requests a global extension of time on behalf of all Fifth Third entities to be contemporaneous with that of the newly-added Fifth Third employees. That date currently is May 25, 2022, pursuant to a waiver of service sent by Plaintiff, which the additional Fifth Third parties intend to execute and return upon receipt.

Plaintiffs' counsel has indicated that Plaintiffs do not oppose a single joint responsive pleading date for the Fifth Third defendants. A proposed order follows.

    Respectfully submitted,

*/s/ Andrew B. Cassady*
Harry W. Cappel (0066513)
Andrew B. Cassady (0092413)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
P: (513) 977-8200
harry.cappel@dinsmore.com
andrew.cassady@dinsmore.com

*Counsel for Defendants*
*Fifth Third Bancorp, Fifth Third Bank,*
*National Association, Brian Reid, Julie*
*Kristenak, and Blake Williams*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2022, the foregoing document was electronically filed with the Clerk of Courts for the U.S.D.C. for the Southern District of Ohio via the Court's CM/ECF system, which system will notify all parties of the filing of same. The parties may access this filing through the Court's system.

*/s/ Andrew B. Cassady (0092413)*
Andrew B. Cassady