UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **PIERRE INVESTMENTS, INC., et al.,** : | |
| : | |
| *Plaintiffs,* : | Case No. 1:22-cv-00155 |
| : | |
| v. : | Judge Black |
| : | |
| **FRANK LaROSE, et al.,** : | |
| : | |
| *Defendants.* : | |

## MOTION TO DISMISS OF DEFENDANT
## OHIO SECRETARY OF STATE FRANK LaROSE

Defendant Ohio Secretary of State Frank LaRose hereby moves to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(1). Plaintiffs' claims are barred by sovereign immunity and, even if they weren't, Plaintiffs failed to adequately state claims for relief. The reasons for this motion are set forth in the attached memorandum in support.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
GARRETT M. ANDERSON (0100121)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Garrett.Anderson@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

**MEMORANDUM IN SUPPORT**

**BACKGROUND**

Plaintiffs paid $75,000 via a cashier's check to a Fifth Third Bank account belonging to a company that Plaintiffs believed would provide them a loan.  Am. Compl. ¶ 31, Doc. No. 13 at PageID 325.  Plaintiffs allege that an individual withdrew the money from the company's account, and the company subsequently failed to extend Plaintiffs the loan.  *Id.* ¶ 39, PageID 327.  Plaintiffs later discovered that the company shut down in 2012.  *Id.* ¶ 42, PageID 328.  Nevertheless, Plaintiffs state that the company opened a Fifth Third bank account at a branch in Ohio in 2016.  *Id.* ¶ 43, PageID 328.

According to Plaintiffs, Fifth Third was required to verify that the company was still in existence and in good standing at the time the account was opened in 2016.  *Id.* ¶ 45, PageID 328.  Plaintiffs believe that Fifth Third failed to research the company's Delaware corporate records and only checked the records on file with the Ohio Secretary of State.  The Ohio records indicated that the company was a Delaware corporation active in Ohio as a foreign corporation.  *Id.* ¶ 46, PageID 328.  Plaintiffs allege that Fifth Third Bank and its employees failed to conduct due diligence in opening an account for a shuttered company.  Plaintiffs now bring this action against multiple Fifth Third entities and employees, claiming that the bank's failure to confirm the closure of the company led Plaintiffs to suffer significant financial losses.

Plaintiffs also wrongly name Ohio Secretary of State Frank LaRose ("Secretary LaRose") and Delaware Secretary of State Jeffrey Bullock as defendants in their official capacities.  Secretary LaRose is identified as Ohio's "chief business entity officer."  *Id.* ¶ 10, PageID 321.  Plaintiff alleges that Secretary LaRose has an unspecified "statutory obligation" to "keep the Ohio Secretary of State records updated to show which foreign corporations are no longer active."  *Id.* ¶ 21, PageID 323.  Notably absent from the complaint, however, are any specific

claims against Secretary LaRose or any requests for specific relief. *Id.* ¶¶ 92-212 and Prayer, Doc. No. 13 at PageID 334-365.

## LAW AND ARGUMENT

**A.  Plaintiffs' claims are barred by the Eleventh Amendment.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Id.* at 760. Eleventh Amendment issues are jurisdictional in nature and are analyzed under Rule 12(b)(1). *Ladd v. Marchbanks*, 971 F.3d 574, 577 n.2 (6th Cir. 2020).

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)). A suit against a state official is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Such a suit is no different than a suit against the state itself. *See id.* Thus, the Eleventh Amendment applies in this case and bars Plaintiffs' claims.

The Eleventh Amendment bars suits like this one that, at their core, seek to recover money from the State. Specifically, "a long line of Supreme Court decisions teaches that 'when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.'" *Kelley v. Metro. Cnty. Bd. of Educ.*, 836 F.2d 986, 988-89 (6th Cir. 1987) (quoting *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). Thus, "a suit by private parties seeking to impose a liability which

must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Here, Plaintiffs seek lost profits, actual damages, punitive damages, restitution, and other monetary relief against all Defendants, without excluding Secretary LaRose. *See* Am. Compl. at Prayer, Doc. No. 13 at PageID 363 ("WHEREFORE, Plaintiffs respectfully pray that upon final hearing of the cause, the Court enter judgment on Plaintiffs' behalf against Defendants for the economic and actual damages requested herein above with pre-judgment and post-judgment interest at the maximum rate allowed by law, attorneys' fees, costs of court, and such other and further relief to which the Plaintiffs may be justly entitled at law or in equity."). The Eleventh Amendment bars any recovery of money from the state.

Separately, the Eleventh Amendment bars the federal courts from exercising jurisdiction over state-law claims against the state and state officials sued in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). "The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007) (citations omitted). Ohio has not waived sovereign immunity. *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). Rather, state law supports that immunity. *Id.* (citing Ohio Rev. Code 9.86 and 2743.02(F)).

Yet, Plaintiffs' 14 causes of action all arise out of state law: (1) common law negligence, (2) respondeat superior, (3) negligence in failing to request signature, (4) negligence from failure to ask the questions required under the USA Patriot Act, (5) negligence in failure to follow Federal Reserve and OCC rules, (6) public policy, (7) agency and vicarious liability, (8)

4

fraudulent misrepresentation, (9) fraudulent inducement, (10) negligent misrepresentation, (11) breach of contract, (12) breach of contract-third party beneficiary, (13) negligence, and (14) restitution. Am. Compl. ¶¶ 92-212, Doc. No. 13 at PageID 334-362. As a result, and all of them are barred by the Eleventh Amendment and must be dismissed as to Secretary LaRose.

Nor do Plaintiffs' claim fit within the exception to sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908). That exception applies when "the complaint alleges an ongoing violation of *federal law* and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (emphasis added) (quotation omitted). Here, the *Ex parte Young* exception is not implicated because Plaintiffs' complaint does not allege ongoing violations of *federal* law by Defendant LaRose. Rather, these claims arise exclusively under state law.

Plaintiffs' claims against Secretary LaRose are barred by the Eleventh Amendment, and they must be dismissed.

### B. Plaintiffs' complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).

Even if Plaintiffs could somehow avoid the Eleventh Amendment, they have not stated any claims for relief against Secretary LaRose under Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule exists to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). "It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants." *Heinz v. HSBC Mortg. Servs. Inc.*, No. 5:21-cv-542, 2021 U.S. Dist. LEXIS 203680, at *6 (N.D. Ohio Oct. 22, 2021).

5

Plaintiffs bring 14 separate causes of action but never once connect Secretary LaRose to any conduct supporting the 14 causes of action. In fact, 13 of those causes of action do not mention Secretary LaRose at all. *See* Counts I-V and VII-XIV, Am. Compl. ¶¶ 92-145, 149-212, Doc. No. 13 at PageID 334-42, 348-62. Some of these causes of action refer to "Defendants" as one entity. *See, e.g.*, Count VII: Agency and Vicarious Liability, Am. Compl. ¶¶ 149-152, Doc. No. 13 at PageID 348. But none of these causes of action set forth the conduct attributed to Secretary LaRose or contain specific factual allegations as to Secretary LaRose. Thus, Counts I-V and VII-XIV do not suffice to state a claim against Secretary LaRose. *See, e.g.*, *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege with specificity which of the named defendants were involved); *Butler v. Whitmer*, No. 1:20-cv-13421, 2021 U.S. Dist. LEXIS 85932, at *8 (E.D. Mich. May 5, 2021) ("A complaint fails to state a claim where there is no allegation of specific conduct against a particular defendant."). To the extent Plaintiffs intended to assert Counts I-V or VII-XIV against Secretary LaRose, they should be dismissed because they fail to satisfy Rule 8's pleading standards.

Count VI fares no better. Plaintiffs' public-policy claim appears to be based on a test articulated by the Pennsylvania Supreme Court in *Althaus v. Cohen*, 562 Pa. 547 (2000), to determine whether a defendant owes a duty of care. That test weighs five factors that correspond to the subheadings of Count VI of the Amended Complaint. *See* Doc. No. 13 at PageID 347 ("the court should apply the test currently used in Pennsylvania which imposed previously-unrecognized duties known as the Althaus factors"). It is not apparent that Count VI is a cognizable legal claim under either Ohio or federal law.

Even assuming Count VI is legally cognizable, it does not satisfy the requirements of Rule 8. Plaintiffs do not specify any action of Secretary LaRose that violates public policy. Nor

do Plaintiffs set forth any specific factual allegations as to the *Althaus* factors as they relate to Secretary LaRose. Indeed, the claim appears to center on the *banks'* failure to confirm that businesses are companies in good standing before depositing money in their accounts. *See* Doc. No. 13 at PageID 346-47. There are only three references to the Ohio Secretary of State and none are an allegation of misconduct. *Id.* at ¶ 147 (third parties "are relying on the information found in the Ohio Secretary of State website and are often careless"); PageID 343 ("According to the Ohio Secretary of State website has the purpose of CLS Capital Group Inc is blank check" (mistakes in original)); PageID 344 ("The bank can not rely on the information in the Ohio Secretary of State website as this information is not updated unless the secretary of the corporation notifies the Ohio Secretary of State that they are out of business.") This does not suffice to put Secretary LaRose on notice of the public-policy claim against him, the facts supporting that claim, or the conduct that gave rise to that claim.

  Finally, Plaintiffs make a brief mention of actions, or lack thereof, taken by Secretary LaRose in their factual allegations. Plaintiffs complain that the Ohio Secretary of State has not been constantly verifying information regarding foreign corporations or updating the Secretary of State's website to reflect whether those corporations are in good standing. Am. Compl. ¶¶ 21 & 25, Doc. No. 13 at PageID 323-24. But Plaintiffs state no legal authority to support these allegations, and they do not connect these allegations to any cause of action. Plaintiffs then seek "a judgment that Ohio must remove all records of defunct corporations within 3 days of being notified of by Delaware Secretary of State." *Id*. ¶ 26, PageID 324. Again, Plaintiffs merely make this request—unmoored from any cause of action—and cite no legal authority for this Court to enforce it. These allegations also do not put Secretary LaRose on notice of any specific claims against him.

## CONCLUSION

For the reasons set forth above, Secretary LaRose requests that the Court dismiss Plaintiffs' complaint.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
GARRETT M. ANDERSON (0100121)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Garrett.Anderson@OhioAGO.gov

*Counsel for Defendant Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General