**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Pierre Investments, Inc.,** *et al.* | ) | Case No. 1:22-cv-155 |
| | ) | |
| Plaintiffs, | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE STEPHANIE K. BOWMAN |
| | ) | |
| **Fifth Third Bancorp,** *et al.* | ) | **DEFENDANTS' RESPONSE IN** |
| | ) | **OPPOSITION TO PLAINTIFFS'** |
| Defendants. | ) | **MOTION FOR RECONSIDERATION** |
| | ) | |
| | ) | |

The Court should deny Plaintiffs' Motion for Reconsideration. (Doc. 19). Beyond Plaintiffs' meritless addition of the Ohio Secretary of State to this lawsuit after briefing on the transfer issue was complete, there is no tie to Columbus or any other area under the purview of the Eastern Division. Flight patterns are not part of the venue analysis, and Fifth Third has no idea what "international" witnesses or flights could possibly be relevant to this case – in which the sole claim is that an Ohio bank allowed an Ohio company to cash two checks issued by a Texas company. Even so, Cincinnati/Northern Kentucky's CVG Airport can do the trick.

**I.     Introduction**

Plaintiffs' numerous pleadings (Docs. 1, 7, 11, 13) and repeated misnomer of the corporate defendants at issue have spurred a lot of early briefing in this case. But in short, Plaintiffs' original Complaint (Doc. 1) named one Defendant: "Fifth Third Bank, an Ohio banking corporation." (Doc. 1, PageID 1, Caption & ¶ 2). As Fifth Third has repeatedly pointed out, there is no existing entity by that name. The only two active "Fifth Third" entities are Fifth Third Bancorp (an Ohio corporation) and Fifth Third Bank, National Association (a District of Columbia corporation).

Rather than engaging in gamesmanship or hiding behind a misnomer technicality, Fifth Third Bancorp – the only active Ohio "Fifth Third" entity which received service of the lawsuit – responded to the Complaint.  (Docs. 4-5).  Plaintiffs responded by moving to strike those documents (Doc. 8), moving for default against the non-existent entity it originally named (Doc. 10), moving for leave to amend its lawsuit (Doc. 12), and filing three separate versions of an Amended Complaint.  (Docs. 7, 11, 13).

The initial Court in the Eastern Division denied Plaintiffs' motions to strike and for default, and granted Fifth Third's Motion to Transfer.  (Doc. 15).  Plaintiffs now ask this Court to reconsider that decision.  (Doc. 19).  The Court should deny that Motion.

**II.     Law and Argument**

Because of the interest in finality, courts should grant motions for reconsideration sparingly.  *McWhorter v. Elsea*, No. 2:00-cv-473, 2006 U.S. Dist. LEXIS 87113, *5-7 (S.D. Ohio Nov. 30, 2006); *Info-Hold, Inc. v. Muzak, LLC*, No. 1:11-cv-283-TSB, 2013 U.S. Dist. LEXIS 161684, *2 (S.D. Ohio Nov. 13, 2013) (J. Black); *United States v. Scherer*, No. 2:19-cv-03634, 2021 U.S. Dist. LEXIS 124990, *6 (S.D. Ohio July 6, 2021).

Motions to reconsider should not be used to re-litigate matters previously decided, rehash old arguments in a new light, or raise arguments which could have been raised the first time. *Info-Hold, Inc.*, 2013 U.S. Dist. LEXIS 161684 at *2, citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605 (2008).  Instead, courts justify reconsideration of interlocutory orders only in the rare case where there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) to correct a clear error of law or to prevent a manifest injustice.  *Id*., citing *Louisville/Jefferson County Metro Govt. v. Hotels.com, LP*, 590 F.3d 381 (6th Cir. 2009); *accord Ace Hardware Intl. Holdings, Inc. v. Masso Expo Corp.*, No. 11 C 3928, 2012 U.S. Dist.

2

LEXIS 7337, *3-4 (N.D. Ill. Jan. 23, 2012) (collecting cases) ("Because of these exacting standards, issues appropriate for reconsideration rarely arise and the motion to reconsider should be equally rare.").

Plaintiffs' Motion to Reconsider raises none of these. Rather, it rehashes the same arguments it has made many times over about Fifth Third Bancorp's allegedly erroneous involvement in this case (notwithstanding that Fifth Third Bancorp is the only "Fifth Third" banking entity in Ohio, as alleged in the Complaint; and notwithstanding that Plaintiffs subsequently added Bancorp to the lawsuit (*see* Docs. 7, 11, 13)). As Fifth Third noted in its Opposition to Plaintiffs' Motion for Default Judgment (Doc. 10), Fifth Third Bancorp did the very thing Courts instruct: upon service of the lawsuit, respond rather than hide behind a naming error by the plaintiff. (*See* Doc. 10, PageID 405-06). *See also Triangle Distributing, Inc. v. Shafer, Inc.*, No. 90-4042, 1991 U.S. App. LEXIS 20042, *8-9 (6th Cir. Aug. 23, 1991) ("A party who has received actual notice of an action acts at its own peril if it decides not to respond based upon a mere error in the party's name.").

Even tabling Plaintiffs' rehash of arguments previously rejected by the transferring Court, on the substance of the venue issue, the Court got it right. This Court's Local Rules require that an "action against a defendant or defendants resident in this district shall be filed at the location of court which embraces a county in which at least one defendant resides." S.D. Ohio Civ. R. 82.1(c). The Southern District of Ohio has two Divisions: Western and Eastern. S.D. Ohio Civ. R. 82.1(b). The Western Division at Cincinnati serves, among other counties, Hamilton. *Id*. Fifth Third Bancorp – the only "Fifth Third" banking entity based in Ohio as alleged by Plaintiffs – is in Hamilton County. (Doc. 1, PageID 1, ¶ 2).

The only connection at all to the Eastern Division was that Fifth Third's statutory agent is in Columbus. (*Id*. at Caption). But that is not an appropriate basis for venue. And there were no other allegations indicating the underlying events transpired in any county under the Eastern Division's jurisdiction. So, Fifth Third Bancorp moved to transfer to this Court. (Doc. 4).

Of course, Plaintiffs then amended to add parties on both sides of the aisle – including numerous additional Fifth Third parties (more non-entities among them), the Delaware Secretary of State, and the Ohio Secretary of State. (Doc. 13).

Although Fifth Third takes no official position on the claims against the Secretaries of State, the claims against those entities appear as meritless as the ones against Fifth Third. The crux of this case is that Plaintiffs paid $75,000 to a defunct Ohio company. That Ohio company deposited the $75,000 into its bank account at Fifth Third. Plaintiffs sued the Ohio company for the $75,000 back in state court in Toledo and lost. (*See Pierre Investments, Inc. v. CLS Capital Group, Inc.*, et al., Lucas C.P. No. CI-2019-04258). Somehow, Plaintiffs believe Fifth Third, its employees, and the Secretaries of State from Ohio and Delaware should now reimburse Plaintiffs for that money, too – plus another $45,000,000 for good measure. (Doc. 13, Prayer for Relief). There is no legitimate claim against any of these Defendants, and the addition of the Ohio Secretary of State appears to be solely for the post-hoc purpose of keeping the case in the Eastern Division. The Court should reject that attempt.

The other reasons for reconsideration proffered by Plaintiffs are similarly wrong. First, it says flights from Dallas to Columbus "would be more convenient . . . because all flights from Dallas to Columbus are direct flights instead of flying to Kentucky and then traveling by automobile to Ohio." (Doc. 19, PageID 430). To begin with, flight paths do not dictate the venue analysis under the Federal Rules of Civil Procedure or this Court's Local Rules. Rather,

4

venue is proper in (1) a district in which any defendant resides if all defendants reside in the state where the district is located, (2) a district in which a substantial part of the events/omissions giving rise to the claim occurred, or (3) if neither of the first two apply, any other district where the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). And then this Court's Local Rules further clarify that if a defendant resides in the Southern District, the action must be filed in the court which embraces the county of such residence. S.D. Ohio Civ. R. 82.1(c). Flight patterns are irrelevant.[1] In any case, as the Court knows, CVG is just across the river. It is 13 miles door-to-door from the airport to the Courthouse. It's 8 miles from the Columbus airport to the federal courthouse there – hardly a meaningful distinction, let alone a burden meriting rare reconsideration.

Second, Plaintiffs say "most of the evidence regarding fake foreign business accounts opened in Ohio are found in Columbus, Ohio since many of those who use these accounts need access to international flights and Columbus has international flights." (Doc. 19, PageID 430). This unsupported and frankly confusing assertion, even if believed, has no bearing here. This is not an international case. Fifth Third is not aware of any witnesses who "need access to international flights," and Plaintiffs name none. The allegation in this case is that an Ohio company cashed two checks from a Texas company in an account it had with an Ohio bank. The Texas company wants that money back – now from the bank and two Secretaries of State to boot. Merits aside, there is nothing international about this case. And again assuming this had any relevance to a venue determination (it does not), CVG also has international flights anyway.

Finally, citing the federal Patriot Act and Pennsylvania common law on negligence, Plaintiffs argue the case "concerns laws that are made in Columbus, Ohio." (*Id*. at PageID 432). But these laws were not made in Columbus. The United States Congress passed the Patriot Act,

---

[1] As are the cost for counsel to travel (Doc. 19, PageID 431) and the location of a party's statutory agent (*id*.).

and it was signed into law by President George W. Bush. And Pennsylvania's iteration of common law negligence was made in, obviously, Pennsylvania. While none of these things impact whether the case was legitimately brought in the Eastern Division in the first place (it was not), the reasons proffered by Plaintiffs for keeping the case in Columbus simply do not add up.

### III. Conclusion

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Reconsider. (Doc. 19).

Respectfully submitted,

*/s/ Andrew B. Cassady*
Harry W. Cappel (0066513)
Andrew B. Cassady (0092413)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
P: (513) 977-8200
harry.cappel@dinsmore.com
andrew.cassady@dinsmore.com

*Counsel for Defendants*
*Fifth Third Bancorp, Fifth Third Bank,*
*National Association, Brian Reid, Julie*
*Kristenak, and Blake Williams*

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2022, the foregoing document was electronically filed with the Clerk of Courts for the U.S.D.C. for the Southern District of Ohio via the Court's CM/ECF system, which system will notify all parties of the filing of same. The parties may access this filing through the Court's system.

*/s/ Andrew B. Cassady (0092413)*
Andrew B. Cassady