# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Pierre Investments, Inc.,** *et al.* | ) Case No: 1:22-cv-155 |
| | ) |
| Plaintiffs, | ) JUDGE TIMOTHY S. BLACK |
| v. | ) |
| | ) MAGISTRATE JUDGE STEPHANIE K. BOWMAN |
| **Fifth Third Bank, an Ohio** | ) |
| **banking corporation,** *et al.* | ) |
| | ) |
| Defendants. | ) |

### MOTION FOR SUBSTITUTION OF PARTIES :
### FIFTH THIRD BANK, NATIONAL ASSOCIATION for
### Fifth Third Bank, Northwestern Ohio, NA Toledo and
### Fifth Third Bank, an Ohio banking corporation

NOW COMES Plaintiffs, Pierre Investments, Inc., Pierre Investments, Inc. d/b/a Gehard Luxury Homes, and Ken Gazian hereby requesting to substitute Fifth Third Bank, National Association for Defendant Fifth Third Bank, Northwestern Ohio, NA Toledo and Defendant Fifth Third Bank, an Ohio banking corporation. In Gingrich v. G & G Feed & Supply, LLC, 5th Dist. Licking, 2022-Ohio-82, 2022 WL 884884, 2021 CA 00060, appellant had filed a Praecipe for an LLC after the party had received a default judgment against and later learned the correct identity of the entity that had used the trade name.

Civil Rule 15(C) allows an amendment to change a party. A "party must meet three requirements before an amendment "changing the party" can relate back. Caterpillar Financial Services Corp. v. Tatman, 4th Dist. Ross, 2019-Ohio-2110, 137 N.E.3d 512, ¶ 49. All three of these requirements have been met. The main purpose of Civ. R. 15 (C) is to "preserve actions

that, through mistaken identity or misnomer, have been filed against the wrong person." <u>Littleton v. Good Samaritan Hosp. & Health Ctr</u>., 39 Ohio St.3d 86, 101, 529 N.E.2d 449 (1988).

    At the time of the filing of the Amended Complaint, the Plaintiffs were unable to determine the proper name of the Defendant bank due to multiple mergers, registered and canceled trade names, conversion, and use of improper name on multiple filings and documents, and unregistered/fake names like Fifth Third Bank, Northwestern Ohio, NA, Toledo, Fifth Third Bank, an Ohio banking corporation, and Fifth Third Bank, Western Ohio, NA found on multiple official documents. (Exhibit 1, P. 6, 13, 16 and Exhibit 2)

    Plaintiffs also became aware that Fifth Third Bank, National Association had the same Charter No. 877750 as Fifth Third Bank, which confirms that Fifth Third Bank was converted to Fifth Third Bank, National Association. Plaintiffs also became aware that prior to conversion to national association in December 2019, Fifth Third Bank (Charter No. 877750) had multiple trade names registered with the state of Ohio, including the trade name Fifth Third Bank (Northwestern Ohio), which was then canceled in August 2014. (Exhibit 3)

    Although, Fifth Third Bank, Northwestern Ohio, NA Toledo and Fifth Third Bank, an Ohio banking corporation were not properly registered with the Ohio Secretary of State, these were the closest business names that Plaintiffs could find on the official bank documents and instruments issued by Fifth Third Bank. (See Exhibit 1 p. 16, Exhibit 4, P. 10)
Therefore, Plaintiffs move to substitute Fifth Third Bank, National Association as a named party in place of Fifth Third Bank, Northwestern Ohio, NA Toledo and for Fifth Third Bank, an Ohio corporation.

In support of this motion, Plaintiffs state as follows:

1. On March 21, 2022, at the time the Amended Complaint was filed, the wrong Defendants, Fifth Third Bank, Northwestern Ohio, NA Toledo and Fifth Third Bank, an Ohio banking corporation were named.

2. In 2014, the Ohio Secretary of State canceled the trade name of Fifth Third Bank (Northwestern Ohio) that had been filed by Fifth Third Bank Charter No. 877750.

3. In November 2016, the already canceled trade name of Fifth Third Bank (Northwestern Ohio) was still in use and found on the bank's official instruments. (Exhibit 5)

4. In December 2019, Fifth Third Bank (Charter No. 877750) was converted under the same Charter No. 877750.

5. In April 2019, a new corporation under the name Fifth Third Bank Inc. was registered in Washington, District of Columbia. (Exhibit 6)

6. The records of Ohio Secretary of State show that Fifth Third Bank, National Association (Charter No. 877750) is a foreign corporation of the District of Columbia.

7. Fifth Third Bank, National Association (Charter No. 877750) shows to be a separate company from Fifth Third Bank (Charter No. 877750) due to its filed "foreign corporation" status under the jurisdiction of District of Columbia, whereas no bank under the name of Fifth Third Bank, National Association exists or ever existed in the records of the Secretary of State of the District of Columbia.

WHEREFORE, for each and all of the foregoing reasons, Plaintiffs request an order of substitution be entered to substitute Fifth Third Bank, National Association as the proper party Defendant to answer the Amended Complaint for previously named Defendant Fifth Third Bank

Northwestern Ohio, NA Toledo and Defendant Fifth Third Bank, an Ohio banking corporation.

(See <u>Amended Complaint</u>) A proposed Entry is attached.

            Respectfully Submitted,
            LAW OFFICE OF CYNTHIA M. RODGERS, L.L.C

Dated: October 10, 2022

            **<u>/s/Cynthia M. Rodgers (0099896)</u>**
            605 Cass St., P.O. Box 1
            Dresden, Ohio 43821
            (740) 575-6870 Telephone Email:
            cynthia@cynthiarodgerslaw.com
            *Attorney for Plaintiffs*

## **<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on this 10th day of October, 2022, the foregoing Motion to Substitute was electronically filed with the Clerk of Courts for the U.S.D.C. for the Southern District of Ohio via the Court's CM/ECF system, which system will notify all parties of the filing of same. The parties may access this filing through the Court's system.

  Dated: October 10, 2022

            **<u>/s/ Cynthia M. Rodgers (0099896)</u>**
            Cynthia M. Rodgers