UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PIERRE INVESTMENTS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No: 22-155-TSB |
| | ) | |
| FIFTH THIRD BANCORP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS DEFENDANT
## DELAWARE SECRETARY OF STATE JEFFEREY BULLOCK

Defendant Delaware Secretary of State Jefferey Bullock hereby moves to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). Plaintiffs' claims are barred by Eleventh Amendment immunity and, even if they were not, Plaintiffs failed to adequately state claims for relief. Additionally, Plaintiffs failed to complete service as to Defendant Secretary Bullock. The reasons for this motion are set forth in the attached memorandum in support.

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

*/s/Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Caneel Radinson Blasucci*

Caneel Radinson-Blasucci (#6574)
Deputy Attorney General
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 577-8400
caneel.radinson-blasucci@delaware.gov

*Counsel for Defendant Delaware SOS*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## DEFENDANT JEFFEREY BULLOCK DELAWARE SECRETARY OF STATE

Defendant Jefferey Bullock, in his official capacity as the Delaware Secretary of State (the "Delaware SOS") by and through the undersigned counsel, moves to dismiss the amended complaint filed in the above-captioned action under Federal Civil Rules 12(b)(1), (5), and (6). In support of this motion, the Delaware SOS asserts:

### BACKGROUND

1. Pierre Investments, Inc., Pierre Investments, Inc. d/b/a Gehard Luxury Homes, and Ken Gazian (collectively, "Plaintiffs") mailed two cashier's checks totaling $75,000 to non-parties CLS Capital Group, Inc. and Reynaldo Uballe, Jr. (collectively, "CLS Capital") in connection with an agreement to secure a $10 million loan. (Doc. 13 at ¶ 36). Plaintiffs allege that rather than holding the money in an escrow account as initially promised, Uballe fraudulently cashed the checks and/or deposited them into a Fifth Third Bank account. (*Id.* at ¶¶ 36–37). Indeed, according to Plaintiffs, CLS Capital is a Delaware corporation that had actually been "out of business" since March of 2012. (*Id.* at ¶27).

2. Plaintiffs' claims against the Delaware SOS are premised on their assertion that "[i]f the records of CLS Capital Group were more easily accessible[1] in Delaware, years of litigation would have been prevented as Plaintiffs would not have entered into any agreement with a corporation that had been out of business since 3-1-2012." (*Id.* at ¶ 28). Plaintiffs contend "information [regarding status of a Delaware corporation] should be available online without . . .

---

[1] Plaintiffs seem to (inaccurately) suggest that the only way to determine the status of a Delaware corporation is by obtaining a Certificate of Good Standing for "approximately $90," which takes "4–6 weeks" to process. (*Id.* at ¶¶ 24–25).

prohibitive fees and . . . unnecessary delay."[2]

3.  On November 13, 2021, Plaintiff Pierre Investments, Inc. initiated the above-captioned action. (Doc. 1). On March 21, 2022, Plaintiffs filed the operative amended complaint, which added the Delaware SOS as a defendant. (Doc. 13). On August 19, 2022, Plaintiffs requested an issuance of summons as to the Delaware SOS. (Doc. 49).

4.  On October 11, 2022, this Court entered an order ruling on several outstanding motions (the "October 11 Order"). (Doc. 52). The October 11 Order dismissed Plaintiff's claims against (i) the Fifth Third Defendants[3] with prejudice; and (ii) the Ohio Secretary of State without prejudice. (*Id*. at 22–23). As to the Delaware SOS, the Court ordered Plaintiffs to "show cause, in a verified pleading filed with the Court, within **SEVEN DAYS** of the entry date of this Order, why the remaining claims against the Delaware SOS should not be dismissed without prejudice." (*Id*. at 22) (emphasis in original). Plaintiffs failed to file a "verified pleading" showing cause as required by the October 11 Order. Instead, on October 17, 2022, Plaintiffs filed purported "proof of service" on the Delaware SOS consisting of a signed postal service form.[4] (Doc. 53).

5.  On December 7, 2022, the Court entered an order (the "December 7 Order") stating that "[a]lthough Plaintiffs did not respond directly to the [October 11] Order, Plaintiffs submitted a proof of service, show that the Delaware SOS had been served on August 23, 2022." (Doc. 60).

---

[2] Up-to-date information regarding the status of Delaware corporations is immediately available online at the Delaware Department of State Division of Corporations for a processing fee of $10. *See* https://corp.delaware.gov/faqs/ (last visited January 4, 2023) ("Corporate Status – On the Web – We offer corporate/entity status on the web . . . [y]ou may check status on the web for a fee of $10.00 per entity.").

[3] Capitalized terms not otherwise defined herein have the same meanings as set forth in the October 11 Order.

[4] For the reasons set forth *infra*, Plaintiffs' "proof of service" is invalid because Plaintiffs failed to properly serve the Delaware SOS in accordance with the relevant rules.

4

In response to Plaintiffs' purported proof of service on the Delaware SOS, the Court ruled it would "take[] no further action on the Order to Show Cause [the October 11 Order]," though it also noted that "service of the Delaware SOS was still untimely, and Plaintiffs did not explain their failure to timely serve the Delaware SOS." (*Id*. at 1 n.1). The December 7 Order made "no finding whether service of the Delaware SOS complied with federal rules." (*Id*.).

## ARGUMENT

6. There are three independent grounds on which this Court may dismiss the claims against the Delaware SOS: (i) this Court lacks jurisdiction over the Delaware SOS because of Eleventh Amendment immunity; (ii) even if the Court did have jurisdiction over the Delaware SOS, Plaintiffs fail to adequately state claims for relief; and (iii) Plaintiffs failed to effectuate service as to the Delaware SOS.

### I. ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFFS' CLAIMS

7. Rule 12(b)(1) of the Federal Rules of Civil Procedure "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Plaintiffs bear the burden of establishing jurisdiction. *Id.* at 760. Here, Plaintiffs cannot establish jurisdiction because the Delaware SOS is subject to immunity under the Eleventh Amendment. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("[T]he Eleventh Amendment is a true jurisdictional bar.").

8. "The Eleventh Amendment removes from federal jurisdiction any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021) (internal citations omitted). Here, Plaintiffs expressly bring their claims against the Delaware SOS in his "official capacity only" (Doc. 13 at ¶11) and request that the Court "enter judgment . . . against Defendants for . . . economic and actual damages . . . with pre-judgment and post-judgment interest at the maximum

rate allowed by law, attorneys' fees, [and] costs of court." (*Id.* at Prayer for Relief). But "[t]he Eleventh Amendment protects a state official from suit for monetary damages in his or her official capacity because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.'" *Zakora v. Chrisman*, 44 F.4th 452, 474 (6th Cir. 2022) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Here, Plaintiffs seek monetary relief against the Delaware SOS for conduct allegedly taken in an official capacity. Accordingly, Plaintiffs' claims are barred by the Eleventh Amendment, and this Court may dismiss the action as to the Delaware SOS under Rule 12(b)(1).

## II. PLAINTIFFS FAIL TO STATE CLAIMS FOR RELIEF

9. But even if the Delaware SOS were not subject to immunity, Plaintiffs still fail to state viable claims for relief and therefore, the action should be dismissed under Rule 12(b)(6). Specifically, Plaintiffs do not allege any facts as to the Delaware SOS that would "allow[] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10. As an initial matter, it is not clear what, if any, specific misconduct Plaintiffs attribute to the Delaware SOS. At most, Plaintiffs appear to claim that the Delaware SOS "failed to make it easy for the Ohio secretary of states [sic] to verify that the records kept by Ohio Secretary of State are correct in regards to foreign corporations based out of Delaware." (*Id.* at ¶ 22).[5] But

---

[5] Notably, Plaintiffs repeatedly reference publicly available SEC documents related to the CLS Group that can be accessed—immediately and without cost—on the online EDGAR platform. (Doc 13. at ¶¶ 14, 53–54, 159). The most recent filing related to CLS Capital Group is a 2014 SEC notice that expressly states, "CLS Capital Group, Inc. . . . is a void Delaware corporation." https://www.sec.gov/Archives/edgar/data/1444143/999999999714001156/filename1.pdf (last visited Jan. 5, 2023) Accordingly, the information Plaintiffs accuse the Delaware SOS of making

Plaintiffs fail to cite any authority[6] supporting the proposition that a failure to "make it easy" for the Ohio Secretary of State to check the status of a Delaware corporation constitutes actionable misconduct. On that basis alone, Plaintiffs claims should fail. *House v. Rexam Beverage Can Co.*, 630 Fed. Appx. 461, 462 (6th Cir. 2015) ("A complaint that allows the court to infer only a mere possibility of misconduct . . . is insufficient to show that the complainant is entitled to relief") (internal quotations omitted).

11. Furthermore, Plaintiffs fail to allege any specific facts concerning the Delaware SOS that support the claims that they appear to bring against him.[7] Indeed, the Delaware SOS is not referenced once in any of the fourteen counts listed in the amended complaint. (*See* Doc. 13 at ¶¶ 92–212). Throughout Counts I–XIV, Plaintiffs repeatedly state that Fifth Third and its employees failed to check CLS Capital's corporate records. (*Id.* at ¶¶ 93, 103, 104, 111, 125–127, 203). But Plaintiffs do not ever allege that Fifth Third failed to review CLS Capital's corporate status *because* the Delaware SOS allegedly failed to make it easy for Fifth Third to do so. Without any specific factual allegations that tie actions by the Delaware SOS to Plaintiffs' legal claims, the claims against the Delaware SOS fail under Rule 12(b)(6). *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege with specificity which of the named defendants were involved); *Butler v. Whitmer*, No. 1:20-cv-13421,

---

prohibitively costly and difficult to obtain is immediately available for free on a government website known to Plaintiffs.

[6] Plaintiffs state that the Delaware SOS has some unspecified "statutory obligation" to keep "records updated to show which foreign corporations are no longer active." (Doc. 13 at ¶ 22). But Plaintiffs do not allege the Delaware SOS violated obligation or failed to keep accurate, up-to-date records—only that such records were not available online "at a reasonable charge." (*Id.*).

[7] None of the Counts are expressly brought against the Delaware SOS, and most (if not all) of them appear to be directed exclusively to the Fifth Third parties. (See Doc. 13 at Prayer for Relief A – L, listing all fourteen counts as being "against" Fifth Third and/or its employees).

7

2021 U.S. Dist. LEXIS 85932, at *8 (E.D. Mich. May 5, 2021) ("A complaint fails to state a claim where there is no allegation of specific conduct against a particular defendant.").

### III. PLAINTIFFS FAILED TO SERVE THE DELAWARE SOS

12. Finally, in addition to the valid substantive reasons to dismiss the claims against the Delaware SOS, Plaintiffs' failure to complete service provides a third, independent basis on which this Court may grant this motion to dismiss.

13. To effectuate service on the Delaware SOS, Plaintiffs must comply with Federal Civil Rule 4 ("Rule 4") and 10 *Del. C.* § 3103(c). "The plaintiff bears the burden of perfecting service of process and showing that proper service was made." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019).

14. Under Rule 4, "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons . . . in the state where the district court is located or where service is made," or the party attempting service may (i) deliver the summons and complaint to the individual personally, (ii) leave a copy of each at the individual's dwelling or place of abode with someone of suitable age who resides there, or (iii) deliver a copy of each to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Under § 3103(c), service upon a Delaware State officer concerning any matter arising in connection with the exercise of their powers or duties is not complete until service is made upon the "person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General." 10 *Del. C.* § 3103(c).

8

**A. Plaintiffs Failed to Show Good Cause for Unreasonable Delay.**

15. Plaintiffs had 90 days after filing the amended complaint[8] to serve the Delaware SOS. Fed. R. Civ. P. 4. If Plaintiffs showed "good cause" for failure to serve within that time, "the court must extend the time for service for an appropriate period." *Id*. Plaintiffs did not request that the Court issue a summons for the Delaware SOS until August 19, 2022—151 days after the amended complaint was filed. (D.1. 49). In other words, Plaintiffs did not *begin* the process of serving the Delaware SOS until 61 days after the service period elapsed. That Plaintiffs waited two months after the service deadline passed to even request a summons is itself a sound basis for dismissing the Delaware SOS from this action. *See e.g., Belhasen v. Hollon*, 2018 WL 2347067, at *3 (E.D. Ky. May 23, 2018) (dismissing action where "180 days elapsed between the filing of [an] action and service" and plaintiff took "almost two months to request a second summons" after the first summons was not processed and "did not take any action to get the summons served until after [the court] issued [a] Show Cause Order").

16. In the October 10 Order, the Court acknowledged Plaintiffs' failure to serve the Delaware SOS, noting that "Plaintiffs did not request an extension of time [to effectuate service] or show good cause." (D.I. 52 at 21). The Court ordered Plaintiffs "to show cause, in a verified pleading filed with the Court, within seven days of the entry date of this Order, why the remaining claims against the Delaware SOS should not be dismissed without prejudice." (*Id*. at 22). But Plaintiffs failed to comply with the Court's order. Instead of submitting an "verified pleading" regarding their failure to serve the Delaware SOS, Plaintiffs filed—without any attempt to show good cause for their delay—a signed mail receipt as purported proof that the Delaware SOS was

---

[8] The Delaware SOS was not named a defendant in the original complaint filed on November 13, 2021. (*Compare* Doc. 1 *with* Doc. 13).

9

served. (Doc. 53). Plaintiffs have failed to make any showing to the Court that would excuse or explain their delay in attempting to serve the Delaware SOS, even when such a showing was expressly ordered by the Court. Accordingly, the Delaware SOS should be dismissed from this action. *See Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) ("[U]nder Civil Rule 4(m), if the summons is not served within 90 days, the court must dismiss the action unless the plaintiff has shown 'good cause' for failing to serve within 90 days.").

    **B. Plaintiffs' Attempt at Service via Mail Fails**.

    17.    Even if Plaintiffs could show good cause for their delay in serving the Delaware SOS, Plaintiffs' "proof of service" still fails because certified mail is not an acceptable form of service under Delaware law, and Plaintiffs failed to comply with the procedure for service via mail under Ohio's rules. Under Rule 4, "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(m). Service by mail is not permitted in Delaware. *See Shipley v. Orndoff*, 491 F. Supp. 2d 498, 503 (D. Del. 2007) ("[S]ervice by certified mail is not a valid form of service under Delaware law."). Therefore, because Plaintiffs failed to follow Delaware's law for serving the amended complaint, Plaintiffs must show that their attempt at service complies with Ohio law. But "[i]n Ohio, service of process by registered mail is authorized when it is sent through the Clerk of Courts." *Sibley v. Alcan, Inc.*, 400 F. Supp. 2d 1051, 1055 (N.D. Ohio 2005) (citing Northern District of Ohio Local Rule 4.2; Ohio Rules of Civil Procedure 4.1 and 4.3(B)). This Court's local rules are even more exacting as "the Local Rules of this Court essentially adopts the Ohio rule for certified mail service but also requires that certified mail service of a summons and complaint be completed in a specific manner by the Clerk of this Court." Southern District of Ohio Local Rule 4.2. Specifically, local rules provide that:

10

> [A] party who desires to serve defendants by certified mail shall address and prepare the envelopes for mailing, and then deliver the same to the District Court Clerk who shall cause them to be mailed. S.D. Ohio Civ. R. 4.2. Local Rule 4.2(a) goes on to require that the name of the sender on the back of the PS Form 3811 (the 'green card') shall show: 'Clerk, United States District Court, Southern District of Ohio' at the appropriate address. The Rule then requires the Clerk to enter the fact of mailing on the docket and make a similar entry when the return receipt is received. Additionally, the Clerk holds certain notification responsibilities in the event of failure of delivery.

*Becker v. Warden Ross Corr. Institution*, 2006 WL 2869567, at *2 (S.D. Ohio Oct. 5, 2006) (internal citations omitted). The postal receipt Plaintiffs provided indicates the mailed parcel came directly from Plaintiffs' counsel and was not sent through the Clerk of Court. (Doc. 53 at 2). Therefore, Plaintiffs failed to serve the Delaware SOS in compliance with the local rules. *See Becker* 2006 WL 2869567, at *2 (finding plaintiff failed to effectuate service where "plaintiff attempted to serve defendants by certified mail independently and without involvement of the Clerk"). Because Plaintiffs failed to comply with rules for service for Delaware or Ohio, their proof of service is invalid and should be rejected.

### C. Plaintiffs Fail to Show Service on the Necessary State Parties.

18. Finally, even if Plaintiffs had properly served the Delaware SOS under Rule 4 or the applicable state rules, they have failed to comply with 10 *Del. C.* § 3103(c). The Delaware SOS is an "officer[] under state government," and Plaintiffs' allegations as to him arise "in connection with the exercise of [their] official powers or duties." 10 *Del. C.* § 3103(c). As a result, service as to the Delaware SOS is not complete "until service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General." *Id*. Plaintiffs have failed to submit proof indicating that they served the parties identified in § 3103(c). Rather, Plaintiffs include a note on their proof of service document indicating that a "zip file" was emailed to a state employee who then "forwarded [the file] to [a] Deputy Attorney General." (Doc. 53 at 1). Service by email is not authorized under 10 *Del. C.* §

11

3103. *See, e.g., Perkins v. Delaware DHSS/DSSC*, 2012 WL 4482801, at *5 (D. Del. Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 9503033 (D. Del. Oct. 23, 2012) ("Moreover, pursuant to Section 3103(c), in order to comply with Delaware service rules, [p]laintiff must also have arranged for *hand delivery* of the summons and Complaint to either the Attorney General, the State Solicitor, or the Chief Deputy Attorney General. Delaware caselaw is clear that such service must be made *upon the person* of one of the three individuals identified in Section 3103(c).") (emphasis in original). Accordingly, in addition to failing to effectuate service on the Delaware SOS individually, Plaintiffs have failed to serve the necessary parties under rule 10 *Del. C.* § 3103(c). Therefore, the claims against the Delaware SOS should be dismissed for failure to complete service.

## CONCLUSION

19. For the reasons set forth above, the Delaware SOS respectfully requests that this Court grant this Motion to Dismiss.

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Caneel Radinson Blasucci*
Caneel Radinson-Blasucci (#6574)
Deputy Attorney General
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 577-8400
caneel.radinson-blasucci@delaware.gov

*Counsel for Defendant Delaware SOS*

13

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 9, 2023, she caused true and correct copies of the *Motion to Dismiss Defendant Delaware Secretary of State Jefferey Bullock and the Memorandum in Support of the Motion to Dismiss Defendant Delaware Secretary of State Jefferey Bullock* to be filed with the Clerk of Courts for the U.S.D.C. for the Southern District of Ohio via the Court's CM/ECF system, which system will notify all parties of the filing of same. The parties may access this filing through the Court's system.

/s/Ann Yackshaw
ANN YACKSHAW (0090623)