UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PIERRE INVESTMENTS, INC., *et al.*, | : | Case No. 1:22-cv-155 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| FIFTH THIRD BANCORP, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Plaintiffs Pierre Investments, Inc., Pierre Investments, Inc. d/b/a Gehard Luxury Homes, and Ken Gazian, with the assistance of counsel, filed the operative Amended Complaint on March 21, 2022. (Doc. 13). The Amended Complaint asserted fourteen claims against nine different defendants. (*Id*.)

On October 11, 2022, the Court issued an Order resolving seven pending motions. (Doc. 52). As a result of that Order, the only remaining defendant is Jeffrey Bullock, in his official capacity as the Delaware Secretary of State (the "Delaware SOS"). In that Order, the Court ordered Plaintiffs to show cause as to why the remaining claims against the Delaware SOS should not be dismissed without prejudice for failure to timely serve. (*Id*. at 21-22).

On October 17, 2022, Plaintiffs, with the assistance of counsel, filed papers purporting to show that service was executed on the Delaware SOS on August 23, 2023. (Doc. 53). Given that filing, the Court took no further action on the Order to Show

Cause; however, the Court noted that it was making no finding on whether Plaintiffs' service complied with the federal rules. (Doc. 60 at 1).

On November 22, 2022, Plaintiffs' counsel moved to withdraw, citing a "total and irreversible impasse" between counsel and Plaintiffs. (Doc. 59). On December 7, 2022, the Court granted the motion. (Doc. 60). The Court also advised Plaintiffs Pierre Investments, Inc. and Pierre Investments, Inc. d/b/a Gehard Luxury Homes that they could not proceed in federal court without the assistance of counsel. (*Id.*) Plaintiffs Pierre Investments, Inc. and Pierre Investments, Inc. d/b/a Gehard Luxury Homes were given 60 days to have a licensed attorney file a notice of appearance, or have their remaining claims be dismissed without prejudice. More than 60 days after that Order, on February 14, 2023, attorney Eric Allen entered his appearance and attorney Nathan Williamson filed a motion for leave to appear pro hac vice.[1] (Doc. 62).

On January 9, 2023, the Delaware SOS filed a motion to dismiss. (Doc. 61). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), "[a]ny memorandum in opposition shall be filed within twenty-one days after the date of service of the motion." Plaintiffs did not timely respond. However, at the time the Delaware SOS filed its motion, Plaintiffs were unrepresented. Moreover, the Delaware SOS's certificate of service indicates that the motion was served "via the Court's CM/ECF system, which system will notify all parties

---

[1] Mr. Williamson's motion for leave to appear pro hac vice sat pending for nearly two weeks, awaiting a filing fee. Mr. Allen did not file an official notice of appearance; however, Mr. Allen signed Mr. Williamson's motion for leave to appear pro hac vice as Plaintiffs' Trial Attorney, which the Court construes as his notice of appearance and Mr. Allen shall be designated as Trial Attorney. *See* Local Rule 83.4(a).

of the filing of the same." (Doc. 61 at 14).  Thus, the Court doubts whether Plaintiffs received adequate notice of the motion to dismiss given their unrepresented status at the time the motion to dismiss was filed.[2]

Based on the foregoing, the Court *sua sponte* extends Plaintiffs' deadline to respond to the motion to dismiss.  Plaintiffs shall have up to and including fourteen (14) days from the date of this Order to respond to the motion to dismiss.  **Failure to file a response will result in the motion being treated as unopposed.**  The Delaware SOS shall have fourteen (14) days from Plaintiffs' response to submit a reply in support.

    **IT IS SO ORDERED.**

Date:   2/27/2023                                    *s/Timothy S. Black*
                                                                       Timothy S. Black
                                                                       United States District Judge

---

[2] Although Plaintiffs had counsel by (at least) February 14, 2023, Plaintiffs have not moved for an extension of time or otherwise made any filings since Mr. Allen entered his appearance and Mr. Williamson sought leave to appear pro hac vice.