# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 04, 2023

Mr. Eric Jonathan Allen
Law Offices
4200 Regent Street
Suite 200
Columbus, OH 43219

Ms. Kelly E. Pitcher
Dinsmore & Shohl
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

Re: Case No. 23-3269, *Pierre Investments, Inc., et al v. Fifth Third Bancorp, et al*
Originating Case No. : 1:22-cv-00155

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATON
File Name: 23a0496n.06

No. 23-3269

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |
|---|---|
| PIERRE INVESTMENTS, INC., et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FIFTH THIRD BANCORP, et al., <br><br> Defendants-Appellees. | FILED <br> Dec 04, 2023 <br> KELLY L. STEPHENS, Clerk <br><br> ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO <br><br> OPINION |

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Non-party CLS Capital Group Inc. allegedly defrauded Pierre Investments, Inc. Pierre later brought this suit against CLS's bank, Fifth Third, based on its alleged failure to perform due diligence on CLS. The district court dismissed for failure to state a claim. We affirm.

Pierre signed a loan agreement with CLS for $10,000,000 to fund a real-estate deal in Texas. As part of that agreement, Pierre gave CLS two cashier's checks totaling $75,000, which CLS agreed to hold in an escrow account. Rather than deposit the checks into that account, however, CLS deposited the checks into a different account at Fifth Third. Pierre later learned that CLS was in fact a defunct corporation and that Pierre had been a "victim of financial fraud." To remedy this fraud, Pierre asked Fifth Third to retrieve the $75,000 from CLS's account. Fifth Third declined.

No. 23-3269, *Pierre Investments, Inc., et al. v. Fifth Third Bancorp, et al.*

Pierre thereafter filed this lawsuit against Fifth Third, among other parties. Pierre alleged that Fifth Third had failed to screen its customers properly—including, on the facts alleged here, CLS, which Fifth Third allowed to open a bank account, present itself as a legitimate company, and ultimately defraud Pierre. Fifth Third filed a Rule 12(b)(6) motion, which the district court granted. Pierre appealed.

We review de novo the district court's decision to dismiss Pierre's claims against Fifth Third. *Lambert v. Hartman*, 517 F.3d 433, 438-39 (6th Cir. 2008).

Pierre argues that the district court erred in dismissing its claims under the Patriot Act, Pub. L. No. 107-56, 115 Stat. 272, 304 (codified as amended in scattered sections of the U.S.C.), and the Anti-Money Laundering Act, 31 U.S.C. § 5311 *et seq.* But Pierre identifies no support for the proposition that either of those statutes imply a private right of action. *See generally, Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). And Pierre concedes that "the duty to monitor" under each statute is "owed to the government of the United States," not to individuals. Suffice it to say that the district court properly dismissed these claims.

Pierre also argues that the court improperly dismissed its claims for fraudulent misrepresentation and fraudulent inducement against Fifth Third. To state those claims, however, plaintiffs "must allege the time, place and contents of the misrepresentations upon which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). Pierre's complaint lacks any allegations that Fifth Third made any representations at all to Pierre. The district court properly dismissed these claims as well.

The same is true for Pierre's negligent-misrepresentation claim. To state that claim, Pierre needed to allege (among other things) that Fifth Third made some "affirmative false statement" to

No. 23-3269, *Pierre Investments, Inc., et al. v. Fifth Third Bancorp, et al.*

Pierre. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996). Pierre made no such allegation here.

Finally, Pierre makes no developed argument in support as to why it stated a claim under the "Federal Reserve and Office of the Comptroller of the Currency Rules."

Pierre's appeal, in short, is patently meritless. The district court's judgment is affirmed.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 23-3269

PIERRE INVESTMENTS, INC. dba Gehard Luxury Homes;
KEN GAZIAN,

    Plaintiffs - Appellants,

    v.

FIFTH THIRD BANCORP, et al.,

    Defendants - Appellees.

**FILED**
Dec 04, 2023
KELLY L. STEPHENS, Clerk

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk